**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CR-350-JAR |
| ) | |
| KERRY CHAU, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Kerry Chau's pro se motion for compassionate release (Doc. No. 43), as supplemented by counsel (Doc. No. 53). The Government opposes the motion. (Doc. No. 62). For the reasons discussed below, the motion will be denied.

**I.     Background**

On April 15, 2021, Defendant Kerry Chau pled guilty to one count of a one count Indictment charging Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). This Court sentenced Defendant on July 22, 2021 to a term of 54 months' imprisonment. Defendant is currently incarcerated at the United States Penitentiary, McCreary ("USP McCreary"). He is a 27-year-old Asian male.

On January 3, 2021, Defendant filed a pro se motion for compassionate release, (Doc. 43), asserting that his heart defect, history of smoking and substance abuse, and being a racial minority put him at higher risk of complications from COVID-19. On April 29, 2022, appointed counsel filed a supplemental motion for compassionate release asking the Court to reduce Defendant's sentence to time served and supervised release. The Government acknowledges that individuals with heart conditions may face increased risks related to COVID-19 but argues that Defendant's

1

medical conditions do not qualify as "extraordinary and compelling reason" given his vaccination against COVID-19. The Government further argues that Defendant fails to satisfy the separate requirement of showing both that he is no longer a danger to the community and that the mandatory sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of early release.

## II.     First Step Act

In 2018, Congress passed the First Step Act Pub. L. No. 115-391, 132 Stat. 5194 (2018). Before the enactment of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could move for compassionate release. Now, an incarcerated individual may bring his own motion if he has exhausted his administrative appeals or, after the warden of his facility receives the request for compassionate release, the warden does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b).[1]

The First Step Act did not change the standards for compassionate release, nor did it change the level of discretion afforded district courts. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by (1) "extraordinary and compelling reasons;" (2) "applicable policy statements issued by the Sentencing Commission[;]" and (3) "the factors set forth in [18 U.S.C. §] 3553(a)." 18 U.S.C. § 3582(c)(1)(A).[2] A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears

---

[1] Defendant submitted a request for compassionate release and received a denial of this request in a letter from McCreary USP's Warden, C. Gomez, dated November 12, 2021. (Doc. 53 Ex. B).

[2] Although the policy language only allows the Director of the BOP to identify other grounds that amount to "extraordinary and compelling reasons," the Court agrees with numerous district courts, including the Eighth Circuit, that have interpreted this provision as giving courts the discretion to consider other relevant factors. *See United States v. Weissinger*, No. 1:06-CR-132 CDP, 2021 WL 2252824, at *4 (E.D. Mo. June 2, 2021) ("Accordingly, while the guidelines provision and its application note provide helpful guidance, this court is not limited in the factors that can be considered in determining whether compassionate release should be granted."). The Eighth Circuit has not resolved this precise issue. *See United States v. Gater*, No. 20-2158, 2021 WL 2069968, at *2 (8th Cir. May 24, 2021) (per curiam) ("We need not decide whether the statute supersedes the list of circumstances set forth in the policy statement."). The Eight Circuit has now recognized, however, that at least certain elements of the policy statement are "advisory not prohibitive." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

2

the burden of establishing that such relief is warranted. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Compassionate release due to a medical condition "is an extraordinary and rare event," *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019), and the decision whether to grant compassionate release remains subject to this Court's "broad discretion." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020).

### III.   Discussion

#### A. Extraordinary and Compelling Reasons

The Sentencing Commission's guidance provides that an inmate's medical condition alone can sometimes be sufficiently extraordinary and compelling under § 3582(c)(1)(A). Alternatively, an inmate's serious medical condition "in combination with" additional factors may also justify compassionate release. Defendant contends that extraordinary and compelling reasons to grant compassionate release exist because of his congenital heart defect, substance abuse and smoking history, and status as a racial minority. (Doc. No. 53 at 5-6). The Court acknowledges that Defendant's health conditions may place him at higher risk of severe complications if he were to contract COVID-19. *See United States v. Acoff*, 3:15-CR-157, 2020 WL 2781798 (D. Conn. May 29, 2020) (granting compassionate release due to congenital heart defect and other health issues); *United States v. Tranter*, 471 F. Supp. 3d 861, 865 (recognizing status as a smoker could place defendant at an increased risk for sever illness but denying compassionate release); *United States v. Guest*, Cr. No. ELH-16-0499, 2022 WL 2104492 at *15 (D. Md. June 9, 2022) (noting "many courts" skeptical that substance abuse history qualifies a defendant for compassionate release).

---

This Court finds that compassionate release is not warranted under either the 1B1.13 policy statement or this Court's discretionary analysis. *See United States v. James*, No. 4:16-CR-00233-01-JM, 2021 WL 2402274, at *1 (E.D. Ark. June 11, 2021) ("The Court finds that under either the 1B1.13 policy statement or under the Court's discretion, Defendant's circumstances are not extraordinary and compelling.").

3

Under the current circumstances, however, the Court finds Defendant's health conditions do not amount to extraordinary and compelling reasons to justify compassionate release.

The U.S. Probation Office reviewed Defendant's BOP medical records and reported that Defendant has suffered no cardiac incidents since undergoing heart surgery at age 12. In fact, Defendant could not state when he had last seen a cardiologist. Defendant is not prescribed or taking any medications. (First Step Act Compassionate Release Report, Doc. No. 58).

Notably, according to BOP records, Defendant received the Janssen COVID-19 vaccine on September 16, 2021. (Doc. No. 53, Ex. A). While Defendant's congenital heart defect does place him at an increased risk should he contract COVID-19, this risk is greatly reduced after vaccination and does not provide an extraordinary and compelling reason for release. Courts have regularly found that vaccination significantly reduces or eliminates the risk of severe illness from the virus. *See United States v. Weissinger*, No. 1:06-CR-123 CDP, 2021 WL 2252824, at *5 (E.D. Mo. June 2, 2021) ("On this information [that defendant has received the vaccine], it appears that [defendant] faces reduced risks from the virus."); *United States v.* Groom, No. 2:17-CR-159, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021) (noting that "the Pfizer vaccine was 95% effective at preventing COVID-19 in people who did not have a previous infection" and "100% effective at preventing sever disease."). Similarly, any increased risk Defendant faced due to his history of smoking and substance abuse is mitigated after vaccination. *See e.g., Musa v. United States*, 502 F. Supp. 3d 803, 814 (S.D.N.Y. 2020) ("[C]ourts in this circuit have concluded that the mere assertion that a defendant is a former smoker is insufficient to merit release."); *United States v. Reece*, 2:13-CR-00046-JRG-4, 2022 WL 1196987, at *2 (E.D. Tenn. Apr. 1, 2022) (finding that because substance abuse is "not uncommon," it did not render defendant eligible for compassionate release).

Many courts have found that serious medical conditions that may otherwise increase risk of COVID-19 complications do not qualify as extraordinary and compelling due to the decreased risk after vaccination. *See e.g., United States v. Jones*, No. 3:19-CR-105, 2021 WL 217517, at *5 (E.D. Va. Jan. 21, 2021) (denying compassionate release despite "serious medical concerns" related to COVID-19 because defendant "faces reduced risk from the virus [after] receiv[ing] his first COVID-19 vaccination"); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021) (noting the "vast majority of courts" have found risks related to COVID-19 no longer constitute an extraordinary and compelling reason after vaccination and collecting 19 cases). Defendant's health conditions do not qualify as extraordinary and compelling reasons for release because he does not face a diminished ability to provide self-care against serious injury or death as a result of COVID-19.

Additionally, Defendant does not demonstrate that he, as an individual, faces a greater risk of contracting COVID-19 or suffering complications from the virus due to his race. *United States v. Curtis*, 4:17-200140-DDC-005, 2021 WL 1516449, at *4 (D. Kan. Apr. 16, 2021) (data on racial disparities "does not show that a given inmate faces heightened COVID-19 risks"); *United States v. Ruiz*, No. 3:19-CR-1285-GPC, 2021 WL 1085715, at *4 (S.D. Ca. Mar. 22, 2021) ("Being of Hispanic descent during the COVID-19 pandemic does not constitute an extraordinary and compelling reason justifying [defendant's] release."). Indeed, while the Court recognizes that some racial and ethnic minority groups are disproportionately affected by COVID-19, CDC data indicates that Asian, Non-Hispanic persons, like Defendant, are at the lowest risk of infection, hospitalization, or death from the virus compared with all other racial and ethnic groups. *See Risk for COVID-19 Infection, Hospitalization, and Death by Race/Ethnicity*, CTRS. FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-

discovery/hospitalization-death-by-race-ethnicity/html (last visited Nov. 30, 2022). Accordingly, Defendant's ethnicity does not provide an independent basis for his release.

### B. General 3553 Sentencing Factors and Danger to the Community

Even if Defendant's circumstances were extraordinary and compelling, the §3553(a) sentencing factors do not weigh in favor of his release. In fashioning the appropriate sentence, the Court weighed these factors when it sentenced Defendant in 2021. Defendant's criminal history includes multiple weapons offenses and possession of a controlled substance. (Doc. No. 35 at 7-10). Indeed, Defendant's underlying conviction is his second conviction for being a felon in possession of a firearm. *See United States v. Obi*, 25 F.4th 574, 581-82 (8th Cir. 2022) (upholding finding that a "history of gun possession" indicated defendant was "a danger to the community").

The Court appreciates Defendant's "hope for the future" and "exemplary record while in the BOP." (Doc. No. 53 at 15). However, "[r]ehabilitation alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Given the "need for the entire sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and[ (C) to protect the public from further crimes of the defendant," the Court finds that compassionate release is not warranted. 18 U.S.C. § 3553(a)(2).

Based on the totality of the circumstances, including the nature of the offense and Defendant's criminal history, this Court continues to find that Defendant's sentence of 54 months' imprisonment is fair and just. A sentence must reflect the seriousness of the conduct charged and afford adequate deterrence to said behavior. Even if Defendant were eligible for a sentence reduction, the Court would decline to exercise its discretion to reduce his sentence for the reasons set forth above. *See United States v. Birdine*, 962 F.3d 1032, 1034 (8th Cir. 2020).

6

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kerry Chau's pro se motion for compassionate release [43], as supplemented by counsel [53], is **DENIED**.

Dated this 1st day of December, 2022.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**